TUCKER ELLIS LLP
DANIEL J. KELLY SBN 145088
daniel.kelly@tuckerellis.com
201 Mission Street, Suite 2310
San Francisco, CA 94105
Telephone: 415.617.2400
Facsimile: 415.617.2409

TUCKER ELLIS LLP
Anthony D. Brosamle - SBN 208664
anthony.brosamle@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone: 213.430.3400
Facsimile: 213.430.3409

Attorneys for Defendant
HILL PHOENIX, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTUNE MANAGEMENT CORPORATION, a California company d/b/a SEAFOOD CITY, AFFILIATED FM INSURANCE COMPANY a/s/o Fortune Management Corporation, a Rhode Island company, HONEYBEE FOODS CORPORATION d/b/a JOLLIBEE, a Delaware company, HONEYBEE FOODS CORPORATION d/b/a RED RIBBON BAKE SHOP, INC., a Delaware company, SOMPO AMERICA INSURANCE COMPANY f/k/a SOMPO JAPAN INSURANCE COMPANY OF AMERICA a/s/o HONEYBEE FOODS CORPORATION, a North Carolina company, AAV HOLDING, INC. d/b/a VALERIOS TROPICAL BAKESHOP, a California company, and SECURITY NATIONAL INSURANCE COMPANY a/s/o AAV HOLDING, INC., a Texas company<br><br>Plaintiffs,<br><br>v. | Case No. 8:20-cv-00095-DOC-ADS<br><br>Assigned to District Judge David O. Carter and Magistrate Judge Autumn D. Spaeth<br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS AND INFORMATION PRODUCED OR REVEALED DURING DISCOVERY** |

| | |
|---|---|
| HILL PHOENIX, INC., a Georgia company, HILL PHOENIX WIC, LLC, a Georgia company, HILL PHOENIX DISTRIBUTION COMPANY, a Georgia company, and JOHN DOES 1-10, unknown individuals and companies | |
| Defendants. | |

The Court, having reviewed the Parties' Stipulated Protective Order Regarding Confidential Documents and Information Produced or Revealed During Discovery ("Stipulated Protective Order") and finding good cause, hereby **ORDERS** that**:**

1. Any information, documents, materials or items (collectively "material") produced or provided by any party during discovery in this matter or at any deposition, hearing or trial in this matter, may be designated by the producing party as "Confidential".

2. The producing party may designate material as "Confidential" by causing to be placed upon the material the word "Confidential," or similar words. Documents designated as "Confidential" may be made available for inspection prior to the stamping or labeling of them as such; however, such documents must be labeled or stamped as "Confidential" prior to providing copies to counsel for the inspecting party. In the event that "Confidential" material is elicited through questioning at the deposition of a representative of a producing party or any other witness, the producing party or any party may at the time of the deposition, or within thirty days of the conclusion of the deposition, designate the deposition as "Confidential". The designation of any material as "Confidential" will also render "Confidential" any copies, excerpts, summaries, disclosures or other documents containing the substance or content of such material.

3. Custody of and direct control over all copies of material designated as "Confidential" and furnished to counsel for an inspecting party shall be retained at all times by such counsel. Any materials, or copies thereof, produced by any party in this litigation and designated "Confidential", and any information contained in said materials

or copies thereof, shall be used solely for the purpose of the prosecution or defense of this action and shall not be used for conducting any other case or for any business or other purposes whatsoever. For the purpose of conducting this litigation, information designated "Confidential" shall be disclosed solely to the following persons, unless additional persons are authorized by the Court:

- a. the Court and its officers;
- b. any director, officer, or employee of a party or the party who is requested by counsel for such party to work on this litigation;
- c. counsel of record for any party;
- d. the paralegals and clerical personnel who are engaged in assisting counsel of record in this litigation; and
- e. such persons other than those referenced above who are retained by counsel of record for any party to furnish technical or expert services and/or give testimony with respect to the subject matter thereof for trial of this action. Each such person referenced in this subparagraph and who is designated to receive "Confidential" material shall, prior to receipt of such material, execute an affidavit in the form attached hereto as Exhibit A, a copy of which affidavit shall be served upon counsel of record for all parties within ten (10) days of the execution thereof.

4. A producing party may make such use of its "Confidential" material as it sees fit. Any party may consent to have material previously designated by it as "Confidential" pursuant to the Stipulated Protective Order removed from the scope of the Stipulated Protective Order by so notifying counsel in writing or by so stating on the record at any hearing or deposition.

5. The production of "Confidential" material and the execution of the Stipulated Protective Order shall not prejudice in any way the rights of any party to object to the production of information, documents, materials or items it considers not

subject to discovery, nor shall such actions prejudice in any way the rights of any party to apply to the Court for any modification of the Stipulated Protective Order.  Neither the provisions of the Protective Order, nor any disclosure by any party pursuant to the Protective Order, shall constitute a waiver at any time, or in any other litigation, of any attorney-client or work product privilege, including the protections afforded by Federal Rule of Evidence 501, that it may possess which arises, or has arisen, in litigation or other matters outside this proceeding.

6. In the event that any additional persons or entities become parties to this litigation, their counsel shall not have access to "Confidential" material produced by the parties until the newly-joined party, by its or his or her counsel, and the existing parties to this action have so agreed in a Supplemental Stipulated Protective Order executed by all parties.

7. Prior to the filing or submission into evidence in this action of any "Confidential" material (including the filing of any pleadings which incorporate or disclose "Confidential" material) by either counsel for the inspecting party or counsel for the producing party, counsel for the inspecting party shall and counsel for the producing party may seal said "Confidential" material in accordance with the local court rules for filing material under seal, and the material shall remain under seal until the Court orders otherwise.  Such "Confidential" material shall not become a part of the public record in this action, nor shall it otherwise be made available to the public.  Only persons authorized under the provisions of the Stipulated Protective Order, the Court (including any court to which this action may be appealed or transferred), and persons employed by or assisting the Court in this action shall be given access to any such "Confidential" material or to any testimony or oral statements disclosing the substance thereof.

8. A party may, subject to the Rules of Evidence and any applicable orders of the Court, use any information designated as "Confidential" for any purpose at trial of this action or at any hearing before a judicial officer in this action, provided that notice is

4

ORDER GRANTING STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL DOCUMENTS AND INFORMATION

014765\000004\1517433

given to counsel for the party or witness providing the "Confidential" material, and provided further that such counsel may at the time of such proposed use, and prior to the disclosure of the "Confidential" material, move for an appropriate protective order.  In the event that any "Confidential" material is used in any court proceeding herein, it shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

9. All copies of "Confidential" material obtained from a producing party during discovery or during any hearing or trial in this matter, including copies, excerpts, summaries, disclosures or other documents containing the substance or content of such material, shall be returned to the producing party's counsel or destroyed no later than ten (10) days after final termination of this action, including all appeals. Upon such termination, counsel of record shall notify counsel for the producing party of compliance, but shall not be required to make any oath. Counsel shall make a reasonable effort to retrieve or ensure the destruction of any document or information subject to the Stipulated Protective Order from any party or non-party witness to whom such information has been given, and shall notify counsel for the producing party of the failure to retrieve or ensure the destruction of any such information.  Such notification shall include descriptive detail of any document not returned or destroyed.

10. The Stipulated Protective Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Order, in perpetuity, and the Court shall not be divested of jurisdiction of any person or of the subject matter of this Order by the occurrence of conclusion of this case, or by the filing of a notice of appeal, or other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally.

11. All counsel shall at all times keep secure all notes, abstractions or other work product derived from or containing confidential information, shall be obligated to maintain the confidentiality of such work product, and shall not disclose or reveal the

contents of said notes, abstractions, or other work product after the documents and information are returned and surrendered.

12. Each court reporter taking any testimony relating to this matter shall be informed of the provisions of the Stipulated Protective Order and shall agree to be bound by those provisions.

13. No party shall be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party disagrees at any stage of these proceedings with the designation of any information as confidential, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall give notice to all parties of said objection. Within fourteen (14) days after receipt of said objection, the producing party shall seek appropriate relief from the Court. The parties involved in the dispute shall assist the objecting party in obtaining an expedited ruling. Until the Court enters an Order changing the designation, or until the party who designated the information as confidential gives written permission, the information shall be given the protection provided for in this Order. Nothing in this provision shall shift the burden of proving the confidential nature of the designated material from the party making the designation.

14. The Stipulated Protective Order shall not be construed as an agreement or admission by any party or its counsel:

    a.    That any material designated as "Confidential" is, in fact, confidential; or

    b.    With respect to the authenticity or relevance of any document designated as "Confidential".

///
///
///
///

15. The Stipulation may be entered as an Order of the Court by consent of the parties and shall be binding on the parties as of the date signed by their counsel on their behalf.

**IT IS SO ORDERED.**

DATED: July 29, 2020

      /s/ Autumn D. Spaeth
AUTUMN D. SPAETH
United States Magistrate Judge

# CERTIFICATE OF SERVICE

This Certificate of Service is made in compliance with Local Rule 5.1.2 and Civ.R. 5(b).  I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 201 Mission Street, Suite 2310, San Francisco, CA 94105.

On the date indicated below, a true and correct copy of the foregoing **[PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS AND INFORMATION PRODUCED OR REVEALED DURING DISCOVERY** was lodged with Court and served electronically, and will be available for viewing and downloading from the Court's CM/ECF system:

The Notice of Electronic Case Filing automatically generated by the system and sent to all parties entitled to service under the Federal Rules of Civil Procedure and the Local Rules of the Central District of California who have consented to electronic service shall constitute service of the filed document to all such parties.

Executed on, July 21, 2020, at San Francisco, CA.

I declare under penalty of perjury that I am employed in the office of a member admitted to practice before the District Court for the Central District of California and ECF registered in this Court at whose direction the service was made and that the foregoing is true and correct.

By  */s/ Anna Villanueva*
    Anna Villanueva