TUCKER ELLIS LLP
DANIEL J. KELLY - SBN 145088
daniel.kelly@tuckerellis.com
201 Mission Street, Suite 2310
San Francisco, CA 94105
Telephone:    415.617.2400
Facsimile:    415.617.2409

TUCKER ELLIS LLP
ANTHONY D. BROSAMLE - SBN 208664
anthony.brosamle@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:    213.430.3400
Facsimile:    213.430.3409

Attorneys for Defendant
HILL PHOENIX, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFFILIATED FM INSURANCE COMPANY a/s/o Fortune Management Corporation, a Rhode Island company, HONEYBEE FOODS CORPORATION d/b/a JOLLIBEE, a Delaware company, HONEYBEE FOODS CORPORATION d/b/a RED RIBBON BAKE SHOP, INC., a Delaware company, SOMPO AMERICA INSURANCE COMPANY f/k/a SOMPO JAPAN INSURANCE COMPANY OF AMERICA a/s/o HONEYBEE FOODS CORPORATION, a North Carolina company, and SECURITY NATIONAL INSURANCE COMPANY a/s/o AAV HOLDING, INC., a Texas company,<br><br>Plaintiffs,<br><br>v.<br><br>HILL PHOENIX, INC., a Georgia company, SOUTHERN CAL REFIRGERATION, CORP., a California company, BERGMAN KPRS LLC, a California company, and JOHN DOES 1-10, unknown individuals and companies,<br><br>Defendants. | Case No. 8:20-cv-00095-DOC-ADS<br><br>Assigned to<br>District Judge David O. Carter and Magistrate Judge Autumn D. Spaeth<br><br>**ANSWER OF HILL PHOENIX, INC. TO SECOND AMENDED COMPLAINT, DEMAND FOR JURY TRIAL** |

Defendant Hill Phoenix, Inc. (hereinafter "Hillphoenix" or "Defendant"), by and through its undersigned attorneys, for itself and no other defendant, hereby submits its answer and affirmative defenses to Plaintiffs' second amended complaint [Doc 53] (hereinafter "complaint") and in defense of the allegations therein, states as follows:

Answering Plaintiffs' opening statement at 2:9-10, Hillphoenix denies that Plaintiffs' complaint, or any of its content was the product of a stipulation of the parties and their respective counsel.

## **PARTIES**

1. Answering Paragraph 1, Hillphoenix admits that plaintiff Affiliated FM Insurance Company ("AFM") is a Rhode Island insurance company doing business in California. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

2. Answering Paragraph 2, Hillphoenix admits that plaintiff Honeybee Foods Corporation ("Honeybee") is a Delaware corporation doing business in California. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

3. Answering Paragraph 3, Hillphoenix admits that plaintiff Sompo America Insurance Company fka Sompo Japan Insurance Company of America ("Sompo") is a New York corporation doing business in California. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

4. Answering Paragraph 4, Hillphoenix admits that plaintiff Security National Insurance Company ("SNIC") is a Texas corporation doing business in California. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

5. Hillphoenix admits that the complaint refers to AFM, Sompo, and SNIC as "Insurer" or collectively "Insurers."

6. Answering Paragraph 6, Hillphoenix admits that it is a Delaware corporation with its principal place of business in Conyers, Georgia. Hillphoenix further admits that it does business in California.

7. Answering Paragraph 7, Hillphoenix admits that defendant Southern Cal Refrigeration Corp. is registered as a California company doing business in California.

8. Answering Paragraph 8, Hillphoenix admits that defendant Bergman KPRS LLC is registered as a California company doing business in California as a General Contractor under in Contractor License #982577.

9. Answering Paragraph 9, Hillphoenix admits that the complaint names "John Does 1-10" as defendants but denies that it is appropriate to continue to make such allegations under the Federal Rules of Civil Procedure. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

## JURISDICTION & VENUE

10. Answering Paragraph 10, Hillphoenix admits the allegations of this paragraph as they relate to the amount in controversy. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

11. Answering Paragraph 11, Hillphoenix admits the allegations of this paragraph.

## FACTUAL ALLEGATIONS

12. Answering Paragraph 12, Hillphoenix admits on information and belief that the California corporation SFC Markets Incorporated filed a fictitious business name statement in Orange County to use the business name "Seafood City Supermarket" and that a grocery store named "Seafood City Supermarket" is located 2180 Barranca Parkway in Irvine, California.  Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.  However, for the purposes of this answer, Hillphoenix understands

that the term "Seafood City" will refer to the corporate entity operating the grocery store located at 2180 Barranca Parkway in Irvine, California and the store itself will be referred to as "Seafood City-Irvine."

13. Answering Paragraph 13, Hillphoenix lacks information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

14. Answering Paragraph 14, Hillphoenix understands and assumes that the term "the Freezer" refers to that certain Hillphoenix Model OWIZ12 Single-Deck Island Merchandiser case (Coffin Freezer either serial number 01263548 or 01263549) sold by Hillphoenix to Seafood City and delivered to Seafood City-Irvine on or about May 27, 2014. With this understanding, Hillphoenix admits that Seafood City sold frozen products stored in the Freezer.

15. Answering Paragraph 15, Hillphoenix admits that a fire incident ("the Fire") occurred at approximately 4:00 a.m. on June 2, 2017 at Seafood City-Irvine. Defendant denies that "the Freezer spontaneously caught fire."

16. Answering Paragraph 16, Hillphoenix denies the allegations.

17. Answering Paragraph 17, Hillphoenix admits that one component in the Freezer was a defrost heater assembly that uses electric heat for defrosting the coil of ice. Defendant denies that this component can be fairly described as "similar to an electrical heating element in an electric oven."

18. Answering Paragraph 18, Hillphoenix admits that with respect to the Freezer the total heater element ratings were 3,600 watts on each side by design. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them. Hillphoenix did not install the Freezer and has no information with respect to the electrical installation, wiring, maintenance and/or repair of the equipment or the system in which it was installed at the time of installation in or about May 2014 or at the time of the Fire.

///

19. Answering Paragraph 19, Hillphoenix admits the allegations.

20. Answering Paragraph 20, Hillphoenix lacks information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

21. Answering Paragraph 21, Hillphoenix denies the allegations.

22. Answering Paragraph 22, Hillphoenix denies the allegations.

23. Answering Paragraph 23, Hillphoenix admits that the Fire caused property damage at Seafood City-Irvine. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

24. Answering Paragraph 24, Hillphoenix admits that it manufactured the Freezer.

25. Answering Paragraph 25, Hillphoenix admits the allegations.

26. Answering Paragraph 26, Hillphoenix admits the allegations.

27. Answering Paragraph 27, Hillphoenix admits the allegations.

28. Answering Paragraph 28, Hillphoenix admits the allegations.

29. Answering Paragraph 29, Hillphoenix admits the allegations.

30. Answering Paragraph 30, Hillphoenix admits that it designed, manufactured and sold the Freezer to Seafood City in May 2014.

31. Answering Paragraph 31, Hillphoenix lacks information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

32. Answering Paragraph 32, Hillphoenix admits that Honeybee has alleged that it does business as "Jollibee" and "Red Ribbon Bake Shop, Inc." Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

///

///

33. Answering Paragraph 33, Hillphoenix admits that it has responded to written discovery propounded in this action and that it has objected to and denied requests for admission seeking admissions that non-parties did not cause or contribute to the Fire.

34. Answering Paragraph 34, Hillphoenix admits that it has responded to written discovery propounded in this action and that it has objected to and denied requests for admission seeking admissions that defendant, refrigeration contractor Southern Cal Refrigeration Corp. did not cause or contribute to the Fire.

35. Answering Paragraph 35, Hillphoenix admits that it has responded to written discovery propounded in this action and that it has objected to and denied requests for admission seeking admissions that defendant, general contractor Bergman KPRS LLC did not cause or contribute to the Fire.

36. Answering Paragraph 36, Hillphoenix admits that Plaintiffs have named Southern Cal Refrigeration Corp. and Bergman KPRS LLC as defendants.

## FIRST CAUSE OF ACTION

### Product Defect

37. Answering Paragraph 37, Hillphoenix incorporates its responses to all preceding paragraphs.

38. Answering Paragraph 38, Hillphoenix admits that it designs, manufactures, and sells commercial freezer units.

39. Answering Paragraph 39, Hillphoenix admits that it designed, manufactured, and sold a number of refrigerated display cases, including the Freezer, that were delivered to Seafood City-Irvine in or about May 2014.

40. Answering Paragraph 40, Hillphoenix admits that its refrigerated display cases are intended to be used in a commercial setting and are sold to sophisticated commercial users with the understanding that they would be installed and serviced by qualified technicians.

///

///

41. Answering Paragraph 41, Hillphoenix lacks information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

42. Answering Paragraph 42, Hillphoenix denies the allegations.

43. Answering Paragraph 43, Hillphoenix denies the allegations.

44. Answering Paragraph 44, Hillphoenix denies the allegations.

## SECOND CAUSE OF ACTION

### Negligence

45. Answering Paragraph 45, Hillphoenix incorporates its responses to all preceding paragraphs.

46. Answering Paragraph 46, Hillphoenix lacks information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

47. Answering Paragraph 47, Hillphoenix states that it requests a legal conclusion rather than a factual response. Hillphoenix denies that it acted negligently with respect to the design and manufacture of the products allegedly at issue in this case.

48. Answering Paragraph 48, Hillphoenix states that it requests a legal conclusion rather than a factual response. Hillphoenix denies that it acted negligently with respect to the distribution or sale of the products allegedly at issue in this case.

49. Answering Paragraph 49, Hillphoenix states that it requests a legal conclusion rather than a factual response. Hillphoenix denies that it acted negligently with respect to the products allegedly at issue in this case. Defendant also denies that it had any responsibility for the installation, maintenance or repair of the Freezer following is delivery to Seafood City-Irvine in May 2014.

50. Answering Paragraph 50, Hillphoenix denies the allegations.

51. Answering Paragraph 51, Hillphoenix denies the allegations.

52. Answering Paragraph 52, Hillphoenix denies the allegations

53. Answering Paragraph 53, Hillphoenix states that it requests a legal conclusion rather than a factual response. Hillphoenix admits that it has responded to written discovery propounded in this action. Hillphoenix denies the characterization of its responses to that discovery. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

## THIRD CAUSE OF ACTION

### Breach of Warranties

54. Answering Paragraph 54, Hillphoenix incorporates its responses to all preceding paragraphs.

55. Answering Paragraph 55, Hillphoenix denies the allegations.

56. Answering Paragraph 56, Hillphoenix denies the allegations. The written warranty with respect to the Freezer expired prior to the Fire.

57. Answering Paragraph 57, Hillphoenix denies the allegations. The language of the written warranties with respect to the Freezer disclaimed all implied warranties.

58. Answering Paragraph 58, Hillphoenix denies the allegations.

59. Answering Paragraph 59, Hillphoenix denies the allegations.

60. Answering Paragraph 60, Hillphoenix denies the allegations.

61. Answering Paragraph 61, Hillphoenix states that it requests a legal conclusion rather than a factual response. Hillphoenix admits that it has responded to written discovery propounded in this action. Hillphoenix denies the characterization of its responses to that discovery. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

///
///
///
///

ANSWER OF HILL PHOENIX, INC. TO SECOND AMENDED COMPLAINT, DEMAND FOR JURY TRIAL
014765\000004\1527389

## FOURTH CAUSE OF ACTION

### Punitive Damages v. Hill Phoenix

62. Answering Paragraph 62, Hillphoenix incorporates its responses to all preceding paragraphs. Hillphoenix denies that "Punitive Damages" are properly alleged as a separate cause of action or that punitive damages can be recovered in this subrogation action.

63. Answering Paragraph 63, Hillphoenix denies the allegations.

64. Answering Paragraph 64, Hillphoenix denies the allegations.

65. Answering Paragraph 65, Hillphoenix denies the allegations.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

66. Defendant alleges that the complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted against this Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Contributory Fault/Comparative Negligence)

67. Defendant alleges, on information and belief, that any damages suffered by plaintiffs or any of them as alleged in the complaint were legally caused, in whole or in part, by the failure of plaintiffs and/or their insureds to exercise reasonable care under the circumstances and therefore plaintiffs' recovery, if any, must be diminished by the proportion of the negligence or other fault of any plaintiff or any respective insured which legally caused or contributed to the Fire or the alleged damages, if any.

## THIRDAFFIRMATIVE DEFENSE

### (Statute of Limitations)

68. Defendant alleges on information and belief that plaintiffs' complaint is barred by the applicable statute of limitations pursuant to California Code of Civil Procedure section 338 and the contractual statute of limitations for warranty claims.

///

ANSWER OF HILL PHOENIX, INC. TO SECOND AMENDED COMPLAINT, DEMAND FOR JURY TRIAL
014765\000004\1527389

## FOURTH AFFIRMATIVE DEFENSE

### (Conduct of Others)

69. Defendant alleges, on information and belief, that any loss, injury, or damage to plaintiffs or any of them were proximately caused or contributed to by the negligent or other tortious acts, omissions, and/or fault of other persons or entities which this Defendant neither controlled nor had the right or duty to control, and that no injury or damages of which plaintiffs complain were caused by acts or omissions of this Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Proposition 51)

70. Defendant alleges, on information and belief, that there are other persons, parties, entities and/or defendants who are at fault and legally caused plaintiffs' damages, if any. If this Defendant is responsible to plaintiffs or any of them, which responsibility is expressly denied, this Defendant is only liable for its proportionate share of non-economic damages, if any, as set forth in California Civil Code section 1431.2.

## SIXTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

71. Defendant alleges, on information and belief, that plaintiffs and each of them and/or their insureds voluntarily and knowingly assumed the alleged risks and alleged hazards incident to the alleged operations, acts, and conduct at the times and places alleged in plaintiffs' complaint, and that said acts caused and contributed to plaintiffs' alleged injuries and damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Follow Warnings)

72. Defendant alleges, on information and belief, that plaintiffs and each of them and/or their respective insureds were advised, informed, and warned of any potential hazards and/or dangers, if any, associated with the normal or foreseeable use, handling,

and storage of the products, substances, and equipment described in plaintiffs' complaint, and plaintiffs and their insureds failed to follow such warnings.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

73. Defendant alleges, on information and belief, that plaintiffs and/or their respective insureds failed to mitigate the damages, if any, suffered as a result of the circumstances and injuries alleged in plaintiffs' complaint.

## NINTH AFFIRMATIVE DEFENSE
### (Superseding and Intervening Cause)

74. Defendant alleges, on information and belief, that any damages suffered by plaintiffs and/or their respective insureds were a direct and proximate result of a superseding and intervening cause of which this Answering Defendant had no control, right to control or duty to control.

## TENTH AFFIRMATIVE DEFENSE
### (Modification of Product)

75. Defendant, on information and belief, alleges that the products allegedly involved in the Fire were altered, changed, or otherwise modified by parties, individuals, or entities other than this Defendant, and said modifications, changes or alterations were a direct and proximate cause of the injuries alleged by plaintiffs and/or their respective insureds, if any.

## ELEVENTHAFFIRMATIVE DEFENSE
### (Misuse and Abuse)

76. Defendant, on information and belief, alleges that prior to and at the time of the Fire, the products which allegedly caused or contributed to the Fire were misused and abused and were not being used in the manner in which they were intended to be used. Such misuse and abuse directly and caused and contributed to the injuries and damages complained of by plaintiffs and/or their respective insureds, if any.

///

## TWELFTH AFFIRMATIVE DEFENSE

### (Spoliation of Evidence)

77. Defendant alleges, on information and belief, that plaintiffs and/or plaintiffs' agents negligently or intentionally failed to preserve, and permitted the spoliation of, material evidence, including but not limited to the products which plaintiffs allege give rise to the complaint herein, and the alleged damages. Such conduct bars plaintiffs' action and/or gives rise to liability on the part of plaintiffs and/or their respective insureds.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Notice)

78. Defendant alleges, on information and belief, that plaintiffs failed to give reasonable, timely, sufficient and adequate notice to this Defendant of the alleged liability, damage or injury, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Laches)

79. Defendant alleges, on information and belief, that plaintiffs and/or their respective insureds have unreasonably delayed in filing and serving this action, without good cause therefore. Said delay has directly resulted in prejudice to this Defendant, and therefore, this action is barred by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

80. Defendant alleges, on information and belief, that plaintiffs and/or their respective insureds are precluded from maintaining any cause of action against this Defendant because plaintiff's actions preclude equitable relief under the doctrine of unclean hands.

///
///
///
///

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Sophisticated User)

81. Defendant states, on information and belief, that plaintiffs and/or their respective insureds, were sophisticated users of the products referred to in the complaint and therefore plaintiffs' claims against Defendant are barred.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Sophisticated Intermediary)

82. Defendant states, on information and belief, that plaintiffs' claims are barred by application of the sophisticated intermediary defense.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (State of the Art)

83. The state of the medical, scientific, and industrial knowledge and practices was at all material times such that this Defendant neither breached any alleged duty owed to plaintiff, nor knew, or could have known, that the product(s) it allegedly manufactured and distributed presented a foreseeable risk of harm to plaintiffs in the normal and expected use of such a product. Any products, substances, or equipment designed, manufactured, formulated, sold, or distributed by this Defendant were made consistent with the state of the art applicable to said products, substances, or equipment at the time of their design, manufacture, sale, formulation, or distribution.

## NINTEENTH AFFIRMATIVE DEFENSE

### (Contractual Defenses)

84. On or about February 14, 2014, Hillphoenix sold Seafood City equipment, including the Freezer, pursuant to a written Order Acknowledgment [Number 646196-00 Rev# 3]. This Order Acknowledgment identified the equipment and included an acknowledgment that Seafood City agreed to be bound by the General Provisions of HillPhoenix, Inc. including all of the terms and conditions. The General Provisions are attached to this answer and incorporated by reference. To the extent that Plaintiffs, or any of them, are subrogated to the rights of Seafood City, they are bound by the terms

and conditions agreed to by Seafood City and subject to all contractual obligations which constitute defenses to the subrogation and other claims alleged against Hillphoenix in this case.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Limitation of Warranty)

85. The terms and conditions of the Order Acknowledgment include the following language limiting any product warranties:

> 2. **Warranty.** The sale of products covered hereby is warranted in accordance with Seller's standard warranty which is incorporated herein and made a part hereof.
>
> ANY SEPARATELY LISTED ITEM OF THE PRODUCT(S) WHICH IS NOT MANUFACTURED BY SELLER IS NOT WARRANTED BY SELLER, and shall be covered only by the express warranty, if any, of the manufacturer thereof.
>
> THE FOREGOING WARRANTIES ARE EXCLUSIVE AND IN LIEU OF ALL OTHER EXPRESS AND IMPLIED WARRANTIES WHATSOEVER. SELLER SPECIFICALLY DISCLAIMS ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

A copy of the Hillphoenix Warranty is attached and incorporated by reference.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Contractual Limitation of Liability)

86. Pursuant to the written Order Acknowledgment, Seafood City and Hillphoenix agreed to the following limitation of liability and waiver of economic, consequential damages and punitive damages:

> 9. **Consequential Damages and Other Liability; Indemnity.**
>
> a. Except as otherwise agreed to in writing, Seller's liability with respect to the products and/or services sold hereunder shall be limited to the warranty provided in Paragraph 2 hereof and, with respect to other performance of this contract, shall be limited to the contract price. SELLER SHALL NOT BE SUBJECT TO AND DISCLAIMS (1) ANY OTHER OBLIGATIONS OR LIABILITY, ARISING OUT OF BREACH OF CONTRACT OR WARRANTY, (2) ANY OBLIGATIONS WHATSOEVER ARISING FROM TORT (INCLUDING NEGLIGENCE AND STRICT LIABILITY) OR ARISING UNDER OTHER THEORIES OF LAW, WITH RESPECT TO PRODUCTS SOLD OR SERVICES RENDERED (INCLUDING BUT NOT LIMITED TO WARRANTY SERVICES) BY SELLER, OR ANY UNDERTAKINGS, ACTS OR OMISSIONS RELATING THERETO, (3) ECONOMIC LOSS, EVEN IF SELLER HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGE, AND (4) ALL INDIRECT, SPECIAL, EXEMPLARY, PUNITIVE, CONSEQUENTIAL, INCIDENTAL AND CONTINGENT DAMAGES WHATSOEVER.
>
> b. Without limiting the generality of the foregoing, Seller specifically disclaims any liability for property or personal injury damages, penalties, damages for lost profits or revenues, loss of use of products or any associated equipment, cost of capital, cost of substitute products, facilities or services, down time, shut down or slow down costs, or for any other types of economic loss, and for claims of Buyer's customers or any third party for any such damages.

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Express Indemnity by Insured/Waiver of Subrogation)

87. In the Order Acknowledgment, Seafood City [Buyer] agreed to indemnify Hillphoenix [Seller] as follows:

> c. Buyer shall indemnify Seller against any and all losses, liabilities, damages and expenses (including but not by way of limitation, attorneys' fees and other costs of defending any action) which Seller may incur as a result of any claim by Buyer or others arising out of or in connection with the products and/or services sold hereunder and based on product or service defects not proven to have been caused solely by Seller's negligence.

Under this express indemnity provision, Seafood City is obligated to defend and indemnify Hillphoenix against the claims alleged in this case by Plaintiffs and each of them. Hillphoenix is informed and believes that the policies of insurance under which some or all of the Plaintiffs are claiming subrogation rights contain waiver of subrogation provisions that are triggered by Seafood City's written agreement to indemnify Hillphoenix and bar some or all of the claims alleged against Hillphoenix in this action. To the extent that the indemnity provision does not bar the claims, Hillphoenix may tender the defense of those claims to Seafood City.

## PRAYER

WHEREFORE, having fully answered this complaint, defendant Hill Phoenix, Inc. prays for judgment and relief as follows:

1. That Plaintiffs take nothing from this Defendant by reason of the complaint;

2. That the complaint be dismissed as to this Defendant;

3. For judgment in favor of this Defendant and against Plaintiffs as to each and every cause of action listed in Plaintiff's Complaint;

4. That this Defendant be awarded its costs for this lawsuit, including its attorney fees, as applicable;

5. That the trier of fact determine what percentage of the fault or other liability of all persons, entities or parties whose fault or other liability legally caused Plaintiffs' alleged damages is attributable to each person;

6. That any judgment for damages against this Defendant in favor of Plaintiffs or any of them be no greater than an amount which equals this Defendant's proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' damages; and

7. That this Defendant be awarded such other and further relief as the Court deems just and proper.

DATED: August 19, 2020       TUCKER ELLIS LLP

By: _____
Anthony D. Brosamle
Attorneys for Defendant
HILL PHOENIX, INC.

**DEMAND FOR JURY TRIAL**

Defendant Hill Phoenix, Inc. again requests a trial by jury.

DATED: August 19, 2020                    TUCKER ELLIS LLP

By: _____
Anthony D. Brosamle
Attorneys for Defendant
HILL PHOENIX, INC.

1. **Offer, Governing Provisions and Cancellation**. This writing is an offer or counteroffer by HillPhoenix, Inc. ("Seller") to sell the product(s) described on the face of this offer and the quotation sheet attached hereto to Buyer, subject to the terms and conditions set forth on the face and reverse side hereof. This writing is not an acceptance or confirmation of any offer made by Buyer; and Seller hereby objects to any additional or different terms which may be contained in any of Buyer's purchase order, acknowledgment or other forms, or in any other communication heretofore or hereafter received from Buyer. This offer expires thirty (30) days from its date or upon prior written notice thereof to Buyer, unless goods or services are subsequently tendered by Seller and accepted by Buyer. Buyer will be deemed to have assented to these terms and conditions when (a) buyer acknowledges acceptance of the offer by signing the face of this offer; (b) at Seller's option, when Buyer shall have given to Seller specification of delivery dates, shipping instructions or instructions to bill and hold as to all or any part of the product(s) herein described; (c) when Buyer has received delivery of the whole or part thereof; or (d) when Buyer has otherwise assented to the terms and conditions hereof.

This contract and these terms and conditions, when accepted by Buyer explicitly by acceptance of goods or otherwise, shall constitute the entire agreement between Seller and Buyer, superseding all prior oral or written communications and negotiations. **This contract and these terms and conditions shall be governed and construed according to the laws of the State of New York, without reference to principles or conflicts of laws.** No order may be canceled or altered by Buyer except upon terms and conditions acceptable to Seller, as evidenced by Seller's written consent. In the event of such an approved cancellation, Seller shall be entitled to payment of the full price, less the amount of any expenses saved by Seller by reason of the cancellation. No products shall be returned without Seller's prior permission and shipping instructions.

2. **Warranty**. The sale of products covered hereby is warranted in accordance with Seller's standard warranty which is incorporated herein and made a part hereof.

ANY SEPARATELY LISTED ITEM OF THE PRODUCT(S) WHICH IS NOT MANUFACTURED BY SELLER IS NOT WARRANTED BY SELLER, and shall be covered only by the express warranty, if any, of the manufacturer thereof.

THE FOREGOING WARRANTIES ARE EXCLUSIVE AND IN LIEU OF ALL OTHER EXPRESS AND IMPLIED WARRANTIES WHATSOEVER. SELLER SPECIFICALLY DISCLAIMS ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

3. **Patents, Trademarks and Copyrights**.

a. Seller will, at its own expense, defend any suits that may be instituted by anyone against Buyer for alleged infringement of any U.S. patent, trademark or copyright relating to any products furnished by Seller hereunder, if such alleged infringement consists of the use of such products, or parts thereof, in Buyer's business and, provided Buyer shall have made all payments then due hereunder, shall have given Seller immediate notice in writing of any such suit, transmitted to Seller immediately upon receipt of all processes and papers served upon Buyer, permitted Seller through its counsel, either in the name of Buyer or in the name of Seller, to defend the same and given all needed information, assistance and authority to enable Seller to do so. If such products are in such suit held in and of themselves to infringe any valid U.S. patent, trademark or copyright, then: (i) Seller will pay any final award of damages in such suit attributable to such infringement, and (ii) if in such suit use of such products by Buyer is permanently enjoined by reason of such infringement, Seller shall, at its own expense and at its sole option, either (A) procure for Buyer the right to constitute use of the products, (B) modify the products to render them non-infringing, (C) replace the products with non-infringing goods, or (D) refund the purchase price and the transportation costs paid by Buyer for the products.

Notwithstanding the foregoing, Seller shall not be responsible for any compromise or settlement made without its written consent, or for infringements of combination or process patents covering the use of the products in combination with other goods or other materials not furnished by seller. The foregoing states the entire liability of Seller for infringement, and in no event shall Seller be liable for consequential damages attributable to infringement.

b. Buyer shall defend and hold Seller harmless from any claim made against Seller or its suppliers that the manufacture or sale of products supplied constitutes infringement of any U.S. patent, trademark or copyright, if such products were manufactured pursuant to Buyer's designs, specifications, processes and/or formulas, provided Seller promptly notifies Buyer in writing of the claim and gives Buyer full authority, information and assistance (at Buyer's expense) for the defense of same.

4. **Delivery and Delay**. All quoted delivery dates and/or periods are approximate. Delivery of products to a carrier at Seller's factory or other loading point shall constitute delivery to Buyer; Seller reserves the right to make delivery in installments; and all such installments, when separately invoiced, shall be paid for when due per invoice, without regard to subsequent deliveries. Delay in delivery of any installment shall not relieve Buyer of its obligation to accept remaining deliveries. Seller shall not be liable for any damage as a result of any delay due to any cause beyond Seller's reasonable control, including but not by way of limitation any act of God, embargo or other governmental act, regulation or request, fire, accident, sabotage, strike, slow down, war, riot, delay in transportation, delayed delivery by suppliers, inability to obtain necessary labor and materials, and act or omission of Buyer, including providing technical information, drawing approval and other documentation. In the event of any such delay, the date of delivery shall be extended for a period equal to the time lost by reason of delay.

Claims for shortages or other errors may be made in writing to Seller within two (2) weeks after receipt of shipment; and failure to give such notice shall constitute unqualified acceptance and a waiver of all such claims by Buyer.

5. **Shipment**. All shipments are F.O.B. Seller's factory. Seller will arrange for transportation to Buyer at Buyer's address as stated in this Agreement. The equipment will be shipped under a straight bill of lading, naming Buyer as consignee. Forthwith after the equipment has been delivered to a shipper for transportation to Buyer, Seller shall transmit the bill of lading to Buyer at Buyers address as stated in this agreement. Sellers responsibility for damaged goods ceases upon acceptance by carrier. Before leaving Sellers factory, each item is individually inspected and carefully packed for safe arrival at destination. In the event visible damage, concealed damage or loss should occur, a claim must be made in writing by the Buyer against the delivering carrier within two (2) weeks after receipt of product. The shipping container must be held for carrier's inspection in the case of visible or concealed damage. "F.O.B." shall have the meaning ascribed to in the Uniform Commercial Code.

6. **Storage**. Any item of the product(s) on which manufacture or shipment is delayed by causes within Buyer's control, or by causes which affect Buyer's ability to receive the product(s) or at Buyer's request, may be placed in storage by Seller at Buyer's risk and Buyer shall pay storage charges at the prevailing commercial rates upon submission of invoices therefor.

7. **Price**.

a. Net payment is due within thirty (30) days after date of Seller's invoice and shall be made in U.S. dollars. If delivery is delayed by Buyer, date of notice of readiness for delivery shall be deemed to be date of delivery for invoice purposes. On late payments, the unpaid balance shall, without prejudice to Seller's right to immediate payment, be increased by 1-1/2% per month, but not to exceed the maximum permitted by law. If Seller engages counsel in respect of any late payment or default, Buyer agrees to pay, in addition to the balance then due and owing, reasonable attorneys' fees and all costs of collection.

b. Prices shown herein are the prices applicable to this contract, provided, however, if Seller puts increased prices into effect for any item sold hereunder between the date hereof and the shipment date hereunder, such increased prices shall apply to this contract.

8. **Taxes and Other Charges**. Any applicable duties or sales, use, excise, value added or similar taxes will be added to the price and invoiced separately (unless acceptable exemption certificate is furnished). All such taxes and other charges are for the Buyer's account.

9. **Consequential Damages and Other Liability; Indemnity**.

a. Except as otherwise agreed to in writing, Seller's liability with respect to the products and/or services sold hereunder shall be limited to the warranty provided in Paragraph 2 hereof and, with respect to other performance of this contract, shall be limited to the contract price. SELLER SHALL NOT BE SUBJECT TO AND DISCLAIMS (1) ANY OTHER OBLIGATIONS OR LIABILITY, ARISING OUT OF BREACH OF CONTRACT OR WARRANTY, (2) ANY OBLIGATIONS WHATSOEVER ARISING FROM TORT (INCLUDING NEGLIGENCE AND STRICT LIABILITY) OR ARISING UNDER OTHER THEORIES OF LAW, WITH RESPECT TO PRODUCTS SOLD OR SERVICES RENDERED (INCLUDING BUT NOT LIMITED TO WARRANTY SERVICES) BY SELLER, OR ANY UNDERTAKINGS, ACTS OR OMISSIONS RELATING THERETO, (3) ECONOMIC LOSS, EVEN IF SELLER HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGE, AND (4) ALL INDIRECT, SPECIAL, EXEMPLARY, PUNITIVE, CONSEQUENTIAL, INCIDENTAL AND CONTINGENT DAMAGES WHATSOEVER.

b. Without limiting the generality of the foregoing, Seller specifically disclaims any liability for property or personal injury damages, penalties, damages for lost profits or revenues, loss of use of products or any associated equipment, cost of capital, cost of substitute products, facilities or services, down time, shut down or slow down costs, or for any other types of economic loss, and for claims of Buyer's customers or any third party for any such damages.

c. Buyer shall indemnify Seller against any and all losses, liabilities, damages and expenses (including but not by way of limitation, attorneys' fees and other costs of defending any action) which Seller may incur as a result of any claim by Buyer or others arising out of or in connection with the products and/or services sold hereunder and based on product or service defects not proven to have been caused solely by Seller's negligence.

10. **Statute of Limitations**. Any action for breach of the warranties provided in Paragraph 2 must be commenced in one (1) year following discovery of any alleged breach or it shall be forever barred.

11. **Compliance with Laws**. Seller will comply with all laws applicable to Seller. Compliance with OSHA, Fair Labor Standards Act or similar federal, state or local laws during any operation or use of the product(s) is the sole responsibility of Buyer.

12. **Waiver**. Seller shall not be deemed to have waived any of its rights, powers, or remedies under this Agreement, or at law or in equity unless such waiver is in writing and is executed. No delay or omission by Seller in exercising any right, power, or remedy shall operate as a waiver thereof or of any other right, power, or remedy. No waiver by Seller of any default shall operate as a waiver of any other default, or of the same default or another occasion.

13. **Technical Information**. Any sketches, models, samples or designs submitted by Seller shall remain the property of Seller, and shall be treated as confidential information unless the Seller has in writing indicated a contrary intent. No use or disclosure of such sketches, models and samples, or any design or production process or techniques revealed thereby, shall be made without the express written consent of the Seller.

14. **Separability**. If any provisions of these Terms and Conditions of Sale supplemented as provided herein shall be deemed illegal or unenforceable, such illegality or unenforceability shall not affect the validity and enforceability of any legal and enforceable provisions hereof which shall be construed as if such illegal and unenforceable provision or provisions had not been inserted herein, unless such illegality or unenforceability shall destroy the underlying business purpose of these Terms and Conditions of Sale.

15. **Assignability**. Buyer may not assign this Agreement without Seller's prior written consent.

16. **Exclusive Jurisdiction and Venue**. Any action brought by either party wherein the subject matter thereof is this Agreement must be brought in any U.S. District Court or state court in the State of New York. Buyer waives any objection to jurisdiction or venue in respect of said Courts and to any service of process issued under their authority. Buyer agrees that it may be served by any method of process described in and authorized the Federal Rules of Civil Procedure, or the New York Rules of Civil Procedure, as the case may be. Buyer further agrees that said Courts are the exclusive venues for any such action.

*Fortune Management Corporation, et al. v. Hill Phoenix, Inc., et al.*
Central District of California Court Case No. Case No. 8:20-cv-00095-DOC-ADS

## CERTIFICATE OF SERVICE

This Certificate of Service is made in compliance with Local Rule 5.1.2 and Civ.R. 5(b). I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 515 South Flower Street, Forty-Second Floor, Los Angeles, CA 90071.

On the date indicated below, a true and correct copy of the foregoing **ANSWER OF HILLPHOENIX TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** was filed with Court and served electronically, and will be available for viewing and downloading from the Court's CM/ECF system:

The Notice of Electronic Case Filing automatically generated by the system and sent to all parties entitled to service under the Federal Rules of Civil Procedure and the Local Rules of the Central District of California who have consented to electronic service shall constitute service of the filed document to all such parties.

Executed on, August 19, 2020, at Los Angeles, CA.

I declare under penalty of perjury that I am employed in the office of a member admitted to practice before the District Court for the Central District of California and ECF registered in this Court at whose direction the service was made and that the foregoing is true and correct.

By */s/ Erika Ortiz*
Erika Ortiz

CERTIFICATE OF SERVICE
014765\000004\1527389